# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

STEVEN J. TRZASKA,

      Plaintiff-Appellant,

      v.

L'ORÉAL USA, INC.,

      Defendant-Appellee.

Civil Action No. 15-3810

_____

## EMERGENT MOTION OF DEFENDANT/APPELLEE
## L'ORÉAL USA, INC. TO STAY THE DEADLINE TO FILE
## THE APPENDIX AND TO SEAL RECORDS
_____

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
*Attorneys for Defendant-Appellee*
*L'Oréal USA, Inc.*

CHRISTOPHER R. CARTON
      Of Counsel and On the Brief
LAURA SCULLY
      On the Brief

## PRELIMINARY STATEMENT

Appellee L'Oréal USA, Inc. ("L'Oréal USA") respectfully moves on an expedited basis to stay the May 10, 2016 deadline to file the Appendix and to seal Exhibits A through C in the Amended Complaint to protect itself from Appellant Steven J. Trzaska's further public disclosure of those confidential and privileged documents, which he improperly diverted from L'Oréal USA while employed as one of its in-house patent attorneys. Notably, those three documents, along with sections of district-court filings incorporating them, are currently under seal on the district-court docket pursuant to a signed Consent Order entered by the lower court and still in effect. Trzaska refuses, however, to file Exhibits A–C separate and under seal as part of the Appendix, notwithstanding that, among other things, the Local Rules of this Court require this and his previous express agreement to do so. He is now once again improperly shifting his burden to preserve his former client's confidences to the very company he stole such information from and then sued. In doing so, Trzaska has needlessly created work for L'Oréal USA and regrettably burdened the Court with what should be a simple issue.

This appeal arises from a whistleblower action Counselor Trzaska brought under the New Jersey Conscientious Employee Protection Act ("CEPA"). Faced with L'Oréal USA's initial motion to dismiss, Trzaska amended his Complaint and attached to the revised version three new Exhibits—confidential and privileged

communications to and/or from L'Oréal USA's in-house counsel, which Plaintiff wrongfully took from the company before his discharge.[1]  Flouting his professional obligations, Trzaska failed to limit his disclosure of such communications to what was reasonably necessary, filing his Amended Complaint wholly unredacted and unsealed in the district court.  Exhibits A–C consist of emails sent to and/or from L'Oréal USA's counsel, including Trzaska, and relate to L'Oréal USA's patenting system and processes.  For example, Exhibit A is even marked "CONFIDENTIAL / LEGAL OPINION / ATTORNEY-CLIENT PRIVILEGED." Paragraphs 33, 34, 35, 36, and 37 of the Amended Complaint integrate the substance of those three Exhibits.

To preserve the confidentiality of that information during the appeal of this case (and thereafter), L'Oréal USA respectfully requests with this motion what Trzaska should have sought himself in the first place: an Order to maintain under seal the identified portions of the Amended Complaint, Exhibits A–C thereto, and

---

[1] Trzaska's theft and public disclosure of his client's privileged communications violates his most basic professional responsibility obligations. (*See* Rule 1.6 of the Pennsylvania Rules of Professional Conduct and Section 11.106 of the United States Patent and Trademark Office Rules of Professional Conduct).  This conduct also constitutes a flagrant breach of Trzaska's employment-related agreements and policies, several of which include strict confidentiality provisions.  Lastly, Trzaska's actions in taking those documents in the first place potentially violated the New Jersey Computer Related Offenses Act, N.J.S.A. 2A:38A-1, et seq., which, *inter alia*, prohibits "[t]he purposeful or knowing, and unauthorized . . . taking . . . of any data . . . existing internally or externally to a computer, computer system or computer network."

portions of documents referring to those Exhibits ("Confidential Information").  In the interim, L'Oréal USA also seeks a stay of the deadline to file the Appendix, given Trzaska's expressed intent to run roughshod over his legal, professional, and ethical obligations to file in this Court Exhibits A–C as separate and sealed parts of the Appendix.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

On April 16, 2015, Trzaska filed his Complaint in the underlying action against L'Oréal USA and L'Oréal S.A.  On June 5, 2015, L'Oréal USA filed a Motion to Dismiss Trzaska's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

On June 24, 2015, Trzaska filed—unredacted and unsealed—an Amended Complaint, with Exhibits A through D. (Doc. No. 10).[2]  The only substantive modifications to Trzaska's pleading for purposes of his CEPA claim were to attach three more Exhibits and essentially copy and paste their contents into the body text of his Amended Complaint, at paragraphs 33, 34, 35, 36, and 37. (Doc. No. 10). All three of those Exhibits are internal L'Oréal USA emails that Trzaska took from the company. (Doc. No. 10, Exs. A–C).  The communications are to and/or from its in-house attorneys, including Trzaska, regarding L'Oréal USA's patent process

---

[2] "Doc. No." refers to the document identification number on the district court's electronic docket in the underlying case, District Court No. 2:15-cv-02713 (SDW) (SCM).

and strategy, and as such, are confidential and privileged. (Doc. No. 10, paras. 33, 36-37, Exs. A–C).  In fact, Exhibit A is even marked "CONFIDENTIAL / LEGAL OPINION / ATTORNEY-CLIENT PRIVILEGED." (Doc. No. 10, Ex. A).

Shortly after Trzaska improperly filed his Amended Complaint unredacted and unsealed, counsel for L'Oréal USA engaged in discussions with his attorney regarding Trzaska's public disclosure of the documents he appropriated from L'Oréal USA, including Exhibits A–C.  As an outgrowth of those discussions, Trzaska's attorney at the time, Gerard J. Jackson, Esq., represented in a July 2, 2015 letter to L'Oréal USA: "[I]t is agreed that pending an agreement on L'Oréal USA's claims of confidentiality (which I do not concede) and/or an Order addressing same (whether by agreement or motion), as to whatever L'Oréal USA materials Mr. Trzaska may have in his possession (including but not limited to Exhibits A–C to the Amended Complaint), he will not disclose these to any third party, except of course, the undersigned or the Court." (Exhibit A).

L'Oréal USA and Trzaska subsequently agreed to a Consent Order providing for the temporary sealing of the Confidential Information.  On July 8, 2015, they presented that Order to the Magistrate Judge, who signed and entered it on July 29, 2015. (Doc. Nos. 12 & 20).  Notably, the July 29, 2015 Consent Order stated that it "is without prejudice to the right of either party to move to modify or vacate this Order." (Doc. No. 20).

Meanwhile, on July 22, 2015, L'Oréal USA filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 16).  It concurrently filed a Motion to Seal Materials to protect the Confidential Information, which L'Oréal USA submitted under seal. (Doc. No. 18).  Trzaska opposed both motions on August 4, 2015. (Doc. Nos. 22-23).  Nonetheless, pursuant to Trzaska and L'Oréal USA's agreement as well as the Consent Order, when his then-attorney filed his opposition to L'Oréal USA's Motion to Dismiss, Trzaska redacted portions referring to Exhibits A–C. (Doc. No. 22)  On August 10, 2015, L'Oréal USA filed a reply memorandum in further support of its Motion to Seal Materials, and on August 24, 2015, filed a reply memorandum in further support of its Motion to Dismiss. (Doc. Nos. 29 & 31).  Again, it redacted portions of the latter brief referring to Exhibits A–C. (Doc. No. 31).

In an Opinion and Order both dated October 30, 2015, the District Court granted L'Oréal USA's Motion to Dismiss. (Doc. Nos. 43 & 45).  L'Oréal USA's Motion to Seal Materials, however, remained pending on the docket when the case was closed on October 30, 2015.

On November 20, 2015, Trzaska filed a Notice of Appeal challenging the dismissal of his case against L'Oréal USA, attaching the October 30, 2015 dismissal Order as to L'Oréal USA. (Doc. No. 47).  On March 31, 2016, this Court

entered a Briefing and Scheduling Order, providing that "the brief for Appellant(s) and the joint appendix shall be filed and served on or before 05/10/2016." (Exhibit B).  Despite L'Oréal USA and Trzaska's prior agreement, the Consent Order, and prior practice with respect to court filings, among other things, in a letter dated April 6, 2016 and received on April 11, 2016, Trzaska's new attorneys advised L'Oréal USA for the first time that Trzaska intended on filing in his appendix the Amended Complaint and all Exhibits unredacted and unsealed. (Exhibit C).  In an effort to resolve this issue amicably, L'Oréal USA reached out to Trzaska's counsel by phone on April 16, 2016 and by letter on April 18, 2016. (Exhibit D). In response, however, Trzaska's attorney reiterated Trzaska's plan to file unredacted and unsealed the privileged and confidential documents that Trzaska took from L'Oréal USA before his termination. (Exhibit E).

## LEGAL ARGUMENT

### A.    The May 10, 2016 Deadline to File the Appendix Should be Stayed, Given Trzaska's Refusal to File the Confidential Information Under Seal in this Court

The current deadline to file the Appendix, May 10, 2016, should be stayed to allow this Court to rule on the sealing of the confidential and privileged documents Trzaska unjustifiably insists on including unsealed and unredacted in the regular Appendix.  In addition to his professional and ethical obligations to his former client L'Oréal USA, Trzaska's expressed intent to further publically disclose the

Confidential Information violates the Local Rules of this Court, his past agreements with L'Oréal USA, as well as the Consent Order entered by the district court and still in effect, which temporarily sealed the documents at issue.

Third Circuit Local Appellate Rule 30.3, on the "Contents of Appendix," obliges Trzaska to initially file Exhibits A–C as part of the Appendix separately and under seal because those documents were sealed in the lower court and have not been unsealed by the order of any court. Rule 30.3 clearly states: "Records sealed in the district court and not unsealed by order of the court must be not be included in the paper appendix. Paper copies of sealed documents must be filed in a separate sealed envelope. When filed electronically, sealed documents must be filed as a separate docket entry as a sealed volume." 3d Cir. L.A.R. 30.3(b). The requirement is irrespective of whether a motion to seal records has been filed, either in the lower or appellate court.

Rule 30.3 arguably reflects that a party should not be able to overcome the sealed status of a document on the district-court docket simply by filing an appeal and submitting the document unsealed on the appellate docket. Otherwise, there would be unregulated conflicts between the levels of confidentiality courts afford documents on their respective dockets. Accordingly, Rule 106.1 provides that "[i]f a party believes a portion of a brief or other document merits treatment under seal, the party must file a motion setting forth with particularity the reasons why sealing

is deemed necessary. . . . A motion to seal must explain the basis for sealing and specify the desired duration of the sealing order." 3d Cir. L.A.R. 106.1(a).[3]

Even if Rule 30.3 did not require Trzaska to file Exhibits A–C under temporary seal, there are several other reasons why he must. Most notably, he previously agreed to do so. On July 2, 2015, his counsel represented that Trzaska "will not disclose these [documents] to any third party, except of course, the undersigned or the Court." (Exhibit A). Now Trzaska intends to disclose the confidential and privileged documents he took to not only the Court, but also the entire world. Furthermore, he now does not want to honor the July 28, 2015 Consent Order signed and entered by the district court, which memorialized Trzaska's prior agreement with respect to confidentiality and provided for the temporary sealing of the Confidential Information. (Doc. No. 20). That order

---

[3] While Subsection (c)(2) of Rule 106.1 addresses "Records Impounded in the District Court" in "Civil Cases," it only relates to records "under seal in this court for 30 days after the filing of the notice of appeal." 3d Cir. L.A.R. 106.1(c). This provision is inapplicable here, as the documents the subject of this Motion were not and are not currently "in this court," not having been filed in conjunction with the notice of appeal. *See C.R. Bard, Inc. v. Liberty Mut. Ins. Co.*, 473 F. App'x 128, 135 n.11 (3d Cir. 2012) (granting "all motions to seal," sealing an unredacted appellate brief and select documents in the record that "were filed under seal with the District Court," which the Third Circuit found "contain[ed] proprietary and confidential information," and citing Rule 106.1(c) in relation to the default duration of the sealing, five years). If Rule 106.1(c) were interpreted otherwise, it would effectively require parties to file within a narrow timeframe a motion to continue the impoundment of *any* record the district court impounded and that they might want to remain sealed at some point in the future, regardless of whether it ultimately becomes part of the appellate record. It would generate needless motion practice in this Court.

remains in place to this day. Though Trzaska could have, he has not made any attempt to "move to modify or vacate this Order." (Doc. No. 20).

Moreover, Counselor Trzaska is subject to employment-related agreements and policies, several of which include strict confidentiality provisions, as well as to Rule 1.6 of the Pennsylvania Rules of Professional Conduct and Section 11.106 of the United States Patent and Trademark Office Rules of Professional Conduct. Those further militate against Trzaska's unrestrained use and disclosure of the confidential and privileged documents he took from L'Oréal USA. Trzaska—not L'Oréal USA—should be the first to seek the appropriate protection of the Confidential Information. Confronted with Trzaska's intent to further ignore his obligations in this regard, the deadline to file the Appendix should be stayed, until this Court rules on the sealing of Exhibits A–C and documents referring to them.

## B.  Sealing Exhibits A–C and Redacting Portions of Documents That Incorporate Their Content Is Warranted

The common law presumption of public access to judicial proceedings and records is "'not absolute.'" *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citations omitted). This presumption is rebutted when a party shows that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* at 194 (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549 (3d Cir. 1994)) (internal quotation marks omitted). Courts will protect documents such as Exhibit A–C, given that

they contain confidential and/or attorney-client privileged information.  Were they not to do so, L'Oréal USA would suffer serious injury as a business engaged in a highly competitive market.  L'Oréal USA's request to seal the Confidential Information should accordingly be granted.

The documents Trzaska was privy to during his employment as an in-house patent attorney were inherently confidential and/or privileged.  They were created, reviewed, and/or disseminated among L'Oréal USA's attorneys, including in connection with patent filings.  Exhibits A–C were no exception.  Sealing the Confidential Information will protect the legitimate rights of L'Oréal USA to keep secret certain non-public aspects of its legal operations.  As the First Circuit stated, for example, in reversing an order unsealing the record in a case brought by an in-house attorney against his former employer:

> the right of public access to judicial records stands in sharp contrast to the lawyer's duty to hold information obtained from the client during the course of representation in the strictest confidence. . . . [V]arious filings [may] contain privileged information, and without either an adjudication of the privilege question or an appropriate seal order, [defendant-employer] will lose the entire benefit of the putative privilege. We cannot countenance such a result.

*Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 12 (1st Cir. 1998).  Public access to judicial records is not limitless, and certainly not when those records implicate attorney-client confidences.

11

Courts have routinely recognized that the mere fact an attorney is a plaintiff does not absolve him or her from taking appropriate precautions to protect a client's confidential information, including privileged information.  One such precaution is filing documents with confidential information under seal.  As the Third Circuit recognized in *Kachmar v. Sungard Data Systems, Inc.*, a Title VII lawsuit:

> In balancing the needed protection of sensitive information with the in-house counsel's right to maintain the suit, the district court may use a number of equitable measures at its disposal 'designed to permit the attorney plaintiff to attempt to make the necessary proof while protecting from disclosure client confidences subject to the privilege.' Among those . . . [are] '[t]he use of sealing and protective orders, limited admissibility of evidence, orders restricting the use of testimony in successive proceedings, and, where appropriate, in camera proceedings.'

109 F.3d 173, 182 (3d Cir. 1997) (citation omitted).  Similarly, in holding that in-house attorneys may bring CEPA claims in general, the New Jersey Appellate Division acknowledged that "there should be a 'proportionate and restrained use or disclosure'" of confidential or privileged information, citing the *Doe v. A. Corporation* court's decision to seal the record and have the case proceed anonymously.  *Parker v. M & T Chemicals, Inc.*, 236 N.J. Super. 451, 463 (N.J. Super. App. Div. 1989) (citing *Doe v. A Corp.*, 709 F.2d 1043, 1044 n.1 (5th Cir. 1983)) (other citations omitted).  *See also, e.g.*, *Douglas v. DynMcDermott*

*Petroleum Operations Co.*, 144 F.3d 364, 375 n.12 (5th Cir. 1998) ("Even when revealing confidences falls within an exception to the ethical rules [of an attorney], there are appropriate means for revealing confidences that limit the dissemination of information disclosed. They include . . . requesting that the court seal the record in any proceeding . . . .") (citations omitted); *Doe v. A Corp.*, 709 F.2d 1043, 1050-51 (5th Cir. 1983) (affirming the district court's decision to seal case records in a benefits suit defendant's former in-house counsel lodged against the company and enjoining him from "disclosing any confidential information [he] gained during his employment by [defendant]").  Trzaska is an attorney and diverted the documents at issue during his employment as an in-house patent attorney at L'Oréal USA. The documents he improperly took from his former employer and is now unethically attempting to further publically disclose should be sealed.

If the Court does not enter an order sealing the Confidential Information, its discovery could result in injury to L'Oréal USA's business.  L'Oréal USA operates within a highly competitive market.  The information it maintains regarding its patents and patenting process is closely guarded, and it has an expectation of privacy in such information.  Broad dissemination would put it at a competitive disadvantage within its market.  Courts consistently grant requests to seal confidential business information or trade secrets because the injury caused to a party's competitive standing is a serious harm warranting sealing judicial records.

*See, e.g., Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at \*3 (D.N.J. Jan. 3, 2012); *Bracco Diagnostics, Inc.,* 2007 U.S. Dist. LEXIS 51828, at \*18-21; *AYR Composition, Inc. v. Rosenberg*, 261 N.J. Super. 495, 504 (App. Div. 1993).

The disclosure of this Confidential Information by any party or through submission of filings in this Court could result in injury that cannot be easily cured or quantified. As the Supreme Court has recognized, "Courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Disclosing portions of and Exhibits A–C to the Amended Complaint would result in exactly that; L'Oréal USA would be subject to a competitive disadvantage.

Finally, L'Oréal USA has requested the least restrictive method of effectively protecting its Confidential Information. It is not seeking wholesale sealing of the Amended Complaint, but rather, an order requiring redactions of the confidential portions of it and select attachments to it. The remainder of the pleading will be available to the public. Sealing Exhibits A through C to the Amended Complaint and the portions of the Amended Complaint and any submissions to the Court that incorporate those exhibits will not affect either public access to, or understanding of, the substance of the materials filed in this action. No reasonable argument can be made that the public's general right of access to

14

court records outweighs the irreparable harm that L'Oréal USA would suffer if the limited confidential and privileged information L'Oréal USA has identified herein were unsealed. L'Oréal USA accordingly seeks the permanent sealing of the Confidential Information in this court.

## CONCLUSION

For the foregoing reasons, Appellee L'Oréal USA respectfully requests that this Court grant its Emergent Motion to Stay the Deadline to File the Appendix and to Seal Records.

**K&L GATES LLP**
*Attorneys for Defendant-Appellee*
*L'Oréal USA, Inc.*

/s/ Christopher R. Carton
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Telephone: (973) 848-4000
Fax: (973) 848-4001
Email: christopher.carton@klgates.com

Dated: April 26, 2016

# EXHIBIT A

GERARD J. JACKSON
ATTORNEY AT LAW
1500 NORTH KINGS HIGHWAY – SUITE 205
CHERRY HILL, NJ 08034
(856) 229-7620
FAX: (856) 229-7641
gjackson.esquire@gmail.com

MEMBER, PA AND NJ BARS

July 2, 2015

**VIA email only**
Christopher Carton, Esquire
K & L Gates LP
One Newark Center
Tenth Floor
Newark, NJ 07102

**RE:    Trzaska v. L'Oreal USA, Inc. Et al**
       **U.S.D.C. D.-NJ    Civil Action No: 2-15-CV-02713-SDW-SCM**

Dear Mr. Carton:

I have your email letter sent to me the evening of July 1.

I look forward to resuming discussions about a possible Confidentiality Order today. Please note that I have not agreed to any terms of such, and indeed have not committed in principle to any agreed Order at all. I consider that the matter is open and under discussion.

Meanwhile, it is agreed that pending an agreement on L'Oreal, USA's claims of confidentiality (which I do not concede) and/or an Order addressing same (whether by agreement or motion), as to whatever L'Oreal USA materials Mr. Trzaska may have in his possession (including but not limited to Exhibits A-C to the First Amended Complaint), he will not disclose these to any third party, except of course, the undersigned or the Court.

I look forward to speaking with you later today. I can be reached today at 856-630-3112.

Thank you for your continuing courtesies.

Very truly yours,

GERARD J. JACKSON

# EXHIBIT B

## STANDING ORDER REGARDING MOTIONS TO EXCEED THE PAGE LIMITATIONS OF THE FEDERAL RULES OF APPELLATE PROCEDURE

### Effective Immediately

**PRESENT**:  McKEE, **Chief Judge**, and SLOVITER, SCIRICA, RENDELL, AMBRO, FUENTES, SMITH, FISHER, CHAGARES, JORDAN, HARDIMAN, GREENAWAY, JR, VANASKIE, ALDISERT, WEIS, GARTH, STAPLETON, GREENBERG, COWEN, NYGAARD, ROTH, BARRY, and VAN ANTWERPEN, **Circuit Judges**

     **AND NOW**, it being noted that motions to exceed the page/word limitations for briefs are filed in approximately twenty-five percent of cases on appeal, and that seventy-one percent of those motions seek to exceed the page/word limitations by more than twenty percent;

     Notice is hereby given that motions to exceed the page or word limitations for briefs are strongly disfavored and will be granted only upon demonstration of extraordinary circumstances.  Such circumstances  may include multi-appellant consolidated appeals in which the appellee seeks to file a single responsive brief or complex/consolidated proceedings in which the parties are seeking to file jointly or the subject matter clearly requires expansion of the page or word limitations.

     Accordingly, it is **ORDERED** that a three-judge Standing Motions Panel is hereby appointed to rule on all motions to exceed the page/word limitations for briefs since the page/word limitations, prescribed by Fed. R. App. P. 32(a)(7), should be sufficient to address all issues in an appeal.

     It is further **ORDERED** that Counsel are advised to seek advance approval of requests to exceed the page/word limitations whenever possible or run the risk of rewriting and refiling a compliant brief.  Any request to exceed page/word limitations submitted in the absence of such an advance request shall include an explanation of why counsel could not have foreseen any difficulty in complying with the limitations in time to seek advance approval from the panel.

     This order shall not apply to capital habeas cases.

By the Court,

/s/ Theodore A. McKee
Chief Judge

Date: January 9, 2012
A True Copy:

*Marcia M. Waldron*

Marcia M. Waldron, Clerk

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. <u>15-3810</u>

Steven Trzaska v. LOreal USA Inc, et al

(District Court No. 2-15-cv-02713)

## BRIEFING AND SCHEDULING ORDER

**Attorneys are required to file all documents electronically. <u>See</u> 3d Cir. L.A.R. 113 (2008) and the Court's CM/ECF website at www.ca3.uscourts.gov/ecfwebsite.**

It is **ORDERED** that the brief for Appellant(s) and the joint appendix shall be filed and served on or before **05/10/2016**.

It is **FURTHER ORDERED** that the brief(s) for Appellee(s) shall be filed and served within thirty (30) days of service of Appellant's (Appellants') brief.

It is **FURTHER ORDERED** that a reply brief, if any, shall be filed and served within fourteen (14) days of service of Appellee's (Appellees') brief(s).

It is **FURTHER ORDERED** that in the event of default by Appellant in filing the brief and appendix as directed, the appeal may be dismissed without further notice.

It is **FURTHER ORDERED** that if Appellee fails to file a brief within the time directed, the matter will be listed on Appellant's brief only and Appellee may be subject to such sanctions as the Court deems appropriate.

**It is noted that, where applicable, parties must comply with 3rd Cir. LAR 31.2 which provides:** A local, state or federal entity or agency, which was served in the district court and which is the appellee, must file a brief in all cases in which a briefing schedule is issued unless the court has granted a motion seeking permission to be excused from filing a brief. The rule does not apply to entities or agencies that are respondents to a petition for review unless the entity or agency is the sole respondent or to entities or agencies which acted solely as an adjudicatory tribunal.

This Court requires the filing of briefs by counsel in both electronic and paper format. 3rd Cir. LAR 31 .1(b) . Pro Se litigants are exempt from the electronic filing requirement. **Parties must file 7 copies of the briefs; pro se parties who are proceeding in forma pauperis may file only 4 copies. Costs for additional copies will be permitted only if the Court directs that additional copies be filed.** Pursuant to 3rd Cir. LAR 30.1(a), counsel must electronically file the appendix in accordance with LAR Misc. 113.

Checklists regarding the requirements for filing a brief and appendix are available on the Court's website at www.ca3.uscourts.gov.

Very truly yours,

*Marcia M. Waldron*

Marcia M. Waldron, Clerk


By: Maria, Case Manager
267-299-4937


cc:

George P. Barbatsuly, Esq.
Daniel Bencivenga, Esq.
Christopher R. Carton, Esq.
Harold I Goodman, Esq.
Laura Scully, Esq.

# EXHIBIT C

# RAYNES MCCARTY

TRIAL AND APPELLATE LAWYERS

Harold I. Goodman
E-mail: higoodman@raynesmccarty.com



April 6, 2016

Christopher R. Carton, Esquire          Eric A. Savage, Esquire
K&L Gates                               Littler Mendelson, P.C.
One Newark Center - 10th Floor          One Newark Center - 8th Floor
Newark, New Jersey 07102                Newark, New Jersey 07102

RE:  **Trzaska v. L'Oréal USA, Inc.**, *et al.*
     **Appeal No. 15-3810**
     **District Court No. 2:15-CV- 2713 (SDW)**

Dear Counsel:

Pursuant to Rule 30(b) of the Federal Rules of Appellate Procedure, Appellant Steven Trzaska hereby designates the following portions of the record to be included in the Appendix to the appellate briefs:

1. The Notice of Appeal

2. The October 30, 2015 Order of the United States District Court for the District of New Jersey (per the Honorable Susan D. Wigenton) granting the Motion to Dismiss of L'Oréal USA, Inc.;

3. The October 30, 2015 Order of the United States District Court for the District of New Jersey (per the Honorable Susan D. Wigenton) dismissing as moot the Motion to Dismiss of L'Oréal S.A.;

4. The October 30, 2015 Opinion of Judge Wigenton in support of her Orders;

5. The First Amended Complaint of Steven J. Trzaska (including Exhibits A - D);

Reply to Rittenhouse Square

1845 Walnut Street - 20th Floor
Philadelphia, PA 19103
(215) 568-6190 - Fax (215) 988-0618

www.raynesmccarty.com

One Greentree Centre
10,000 Lincoln Drive East
Suite 201
Marlton, NJ 08053
(856) 854-1556

RAYNES MCCARTY

Christopher R. Carton, Esquire
K&L Gates
    and
Eric A. Savage, Esquire
Littler Mendelson, P.C.
April 6, 2016
Page 2

      With respect to the First Amended Complaint and the Exhibits thereto, given that appellees failed to move the appellate court for continued impoundment of the documents sealed by district court's July 28, 2015 consent order, Appellant intends to include in the Appendix unredacted copies of the First Amended Complaint and Exhibits. (*See* LAR 106(c)(2)).

      As noted in Appellant's LAR 33.3 statement, Mr. Trzaska intends to present the following issues for appellate review:

1.     To what extent do the rules of professional conduct governing the practice of law provide a source of public policy enabling lawyers to bring retaliation suits against their employers under New Jersey's Conscientious Employee Protection Act?

2.     Does the New Jersey Conscientious Employee Protection Act provide a cause of action for an in-house lawyer who is fired in retaliation for his opposition to and refusal to participate in conduct by his employer that he reasonably believes is both unethical and unlawful?

      Please feel free to contact me if you have any questions.

                Sincerely yours,

                Harold I. Goodman

HIG/db

# EXHIBIT D



April 18, 2016

Christopher Carton
christopher.carton@klgates.com

T +1 973 848 4052

**By Email and Post**

Harold I. Goodman
Raynes McCarty
1845 Walnut Street, 20th Floor
Philadelphia, PA 19103

Re:  *Trzaska v. L'Oréal USA, Inc.*
      **Appeal No. 15-3810 / District Court No. 2:15-cv-02713 (SDW) (SCM)**

Dear Mr. Goodman:

I write on behalf of L'Oréal USA, Inc. ("L'Oréal USA") regarding your expressed intent to include unsealed in the appendix copies of Exhibits A-C to the First Amended Complaint as well as a copy of that pleading without the portions referring to those attorney-client privileged and confidential Exhibits redacted. Filing those documents in that manner would violate the Third Circuit's Local Rules, agreements reached with Mr. Trzaska concerning confidentiality, a district court order as to the sealing of the documents at issue, as well as Mr. Trzaska's ethical obligations as an attorney.

Third Circuit LAR 106(c)(2) did not require L'Oréal USA to submit a motion to have portions of the First Amended Complaint and the entirety of Exhibits A-C filed under seal, as you assert in your April 6, 2016 letter because those documents were not included in the appellate docket as of 30 days from the filing of the notice of appeal. They were not "under seal in this court." LAR 106(c)(2). There remain to this day no documents on the Third Circuit docket to "be unsealed." LAR 106(c)(2). L'Oréal USA did not effectively waive any right to seek continuance of the seal Mr. Trzaska agreed to, contrary to your letter's suggestion, especially considering that LAR 106(c)(2) includes no mandatory language whatsoever.

Even if LAR 106(c)(2) did require a motion to have parts of the First Amended Complaint and all of Exhibits A-C filed under seal before they were even designated part of the appendix, it was your client's responsibility to make such a motion—not L'Oréal USA's. After numerous conversations between counsel, Mr. Trzaska previously represented to L'Oréal USA that he "will not disclose these [documents] to any third party, except of course, the undersigned or the Court." (See enclosed July 2, 2015 letter). Significantly, that agreement was memorialized in a July 28, 2015 consent order signed and entered by the district court (enclosed). That consent order remains in effect. Mr. Trzaska had the opportunity to "move to modify or vacate this Order," but failed to do so. As it is Appellant's obligation to prepare and file the appendix to his

appeal, which is to include relevant pleadings, it is Appellant's obligation to make any necessary motion so that he can uphold his agreements not to further publically disclose Exhibits A-C or their contents.

Regardless of whether a motion pursuant to LAR 106(c)(2) was required and of whom, LAR 30.3(b) obliges Mr. Trzaska to file the unredacted First Amended Complaint and all of Exhibits A-C separately and under seal. That Rule, on the "Contents of Appendix," clearly states: "**Records sealed in the district court and not unsealed by order of the court must be not be included in the paper appendix. Paper copies of sealed documents must be filed in a separate sealed envelope. When filed electronically, sealed documents must be filed as a separate docket entry as a sealed volume."** LAR 30.3(b)(emphasis added). Having failed to obtain any court's permission to file the documents at issue unredacted and unsealed, Mr. Trzaska must comply with LAR 30.3(b).

Furthermore, were Mr. Trzaska to file publically Exhibits A-C—which he wrongfully diverted from L'Oréal USA in the first place—he would be further (1) breaching his employment-related agreements and policies, which included confidentiality provisions; and (2) contravening his ethical obligations as an attorney under the Pennsylvania Rules of Professional Conduct, including Rule 1.6 on the "Confidentiality of Information," as well as under the United States Patent and Trademark Office Rules of Professional Conduct, including provision 37 C.F.R. § 11.106 on the "Confidentiality of Information."

On April 14, 2016, I called you in an attempt to resolve amicably this issue of redacting and sealing. When we spoke, your justification for filing the documents unredacted and unsealed was essentially your own belief that there is no substantive basis for their sealing under Third Circuit law. We disagree with that position, but regardless, the substantive validity of the sealing is not at issue.  The fact remains that the documents in question are currently sealed by order of the district court, and it is not for you to determine whether that order is substantively unsupported.

L'Oréal USA does not believe it had or has an obligation to do anything further to ensure that Exhibits A-C of the First Amended Complaint remain sealed and that portions of this pleading referring to them remain redacted in the appendix. I ask that you confirm **on or before Wednesday, April 20, 2016** that you will honor the standing order of the district court and comply with LAR 30.3(b) by filing the unredacted First Amended Complaint and Exhibits A-C separately and under seal. If we do not hear from you by then, we will assume that you are proceeding with your baseless threat, and we will regrettably be forced to take any and all appropriate action, including seeking the Third Circuit's intervention.

Thank you for your attention to this important matter.

April 18, 2016

Very truly yours,

Christopher Carton

Enclosures

cc:  Eric A. Savage, Esq., Counsel for L'Oréal S.A. (via Email and Post)

April 18, 2016

GERARD J. JACKSON
ATTORNEY AT LAW
1500 NORTH KINGS HIGHWAY – SUITE 205
CHERRY HILL, NJ 08034
(856) 229-7620
FAX: (856) 229-7641
gjackson.esquire@gmail.com

MEMBER, PA AND NJ BARS

July 2, 2015

**VIA email only**
Christopher Carton, Esquire
K & L Gates LP
One Newark Center
Tenth Floor
Newark, NJ 07102

**RE:    Trzaska v. L'Oreal USA, Inc. Et al**
**U.S.D.C. D.-NJ    Civil Action No: 2-15-CV-02713-SDW-SCM**

Dear Mr. Carton:

I have your email letter sent to me the evening of July 1.

I look forward to resuming discussions about a possible Confidentiality Order today. Please note that I have not agreed to any terms of such, and indeed have not committed in principle to any agreed Order at all. I consider that the matter is open and under discussion.

Meanwhile, it is agreed that pending an agreement on L'Oreal, USA's claims of confidentiality (which I do not concede) and/or an Order addressing same (whether by agreement or motion), as to whatever L'Oreal USA materials Mr. Trzaska may have in his possession (including but not limited to Exhibits A-C to the First Amended Complaint), he will not disclose these to any third party, except of course, the undersigned or the Court.

I look forward to speaking with you later today. I can be reached today at 856-630-3112.

Thank you for your continuing courtesies.

Very truly yours,

GERARD J. JACKSON

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

|  |  |
|---|---|
| STEVEN J. TRZASKA, <br><br> Plaintiff, <br><br> v. <br><br> L'ORÉAL USA, INC. and L'ORÉAL, S.A., <br><br> Defendants. | Civil Action No. <br> 2:15-cv-02713-SDW-SCM <br><br> **CONSENT ORDER FOR TEMPORARY SEAL OF PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND EXHIBITS ATTACHED THERETO** |

This matter having come before the Court on joint application of Plaintiff and Defendant L'Oreal USA, Inc. (the "Moving Parties"), a dispute having arisen between the Moving Parties as to whether certain portions of the Plaintiff's First Amended Complaint and certain Exhibits thereto contain legally privileged and/or confidential matter and therefore should have been filed under seal, and it being contemplated that the Moving Parties will present the said dispute to the Court for resolution, and the Moving Parties, by and through counsel, having consented to this Order, it is hereby ORDERED as follows:

1. Paragraphs 33, 34, 35, 36 and 37 of Plaintiff's First Amended Complaint, together with Exhibits A, B and C to said First Amended Complaint are hereby placed under temporary seal by the Court.

2. This Order is without prejudice to the right of either party to move to modify or vacate this Order.

/s Gerard J. Jackson
*Counsel for Plaintiff*
1500 North Kings Highway, Suite 205
Cherry Hill, NJ 08034
Telephone: (856) 229-7620
Email: gjackson.esquire@gmail.com

/s Christopher R. Carton
*Counsel for Defendant L'Oréal USA, Inc.*
K&L Gates, LLP
One Newark Center, Tenth Floor
Newark, New Jersey 07102
Telephone: (973) 848-4000
Email: christopher.carton@klgates.com

_____
U.S.D.J.

7/28/15

# EXHIBIT E

# RAYNES MCCARTY

### TRIAL AND APPELLATE LAWYERS

Harold I. Goodman
E-mail: higoodman@raynesmccarty.com

Daniel Bencivenga
E-mail: dbbencivenga@raynesmccarty.com

April 18, 2016

## VIA E-MAIL AND U.S. FIRST CLASS MAIL

Christopher R. Carton, Esquire
K&L Gates
One Newark Center - 10th Floor
Newark, New Jersey 07102

> RE:  **Trzaska v. L'Oréal USA, Inc.,** *et al.*
>      **Appeal No. 15-3810**
>      **District Court No. 2:15-CV- 2713 (SDW)**

Dear Mr. Carton:

For several reasons here discussed, we disagree with the assertion in your letter this morning that portions of Mr. Trzaska's First Amended Complaint, and Exhibits A-C thereto, should be redacted and sealed.

We begin first with LAR 30.3(b) relating to the contents of the Appendix. That Rule makes clear by use of the conjunctive "and" that the district court's sealing order is not the last word on the subject. It provides that "[r]ecords sealed in the district court <u>and</u> not unsealed by order of <u>the</u> court must be not included in the paper appendix" (emphasis added). The use of the word "and" and the words "the court" clearly connote that the district court's sealing order cannot by itself bind the court of appeals (nor logically should it). Moreover, had the contrary been true, the rule would have said (but does not) that the "records sealed in the district court and not unsealed by order of <u>that</u> court must be not included in the paper appendix."

Reply to Rittenhouse Square

1845 Walnut Street - 20th Floor
Philadelphia, PA 19103
(215) 568-6190 - Fax (215) 988-0618

www.raynesmccarty.com

One Greentree Centre
10,000 Lincoln Drive East
Suite 201
Marlton, NJ 08053
(856) 854-1556

RAYNES MCCARTY

Christopher R. Carton, Esquire
K&L Gates
April 18, 2016
Page 2

This takes us, secondly, to LAR 106.1(c) -- a rule that LAR 30.3 specifically cross-references.  In subsection 2 of LAR 106.1(c), the Third Circuit reinforced the notion that it, not the district court, retains the final word about whether documents sealed in the district court should remain sealed on appeal.  Again the rule is straightforward.  It provides a 30 day window for documents sealed in the district court to remain sealed.  The 30 days run from "the filing of the notice of appeal."  It purpose is "to give counsel an opportunity to file a motion to continue the impoundment setting forth the reasons therefor."  As noted in the comments to the Rule, "[t]he rule has been revised to place an affirmative obligation to file a motion on the party in a civil matter who wishes to continue the sealing of documents on appeal."

The reason for the 30 day post-appeal period is clear enough.  It allows the party seeking to continue the impoundment (here L'Oréal) to do so promptly so the court of appeals can rule on the propriety *vel non* of continuing the seal without delaying the time for the filing of an Appellant's Brief and Appendix.  Here, L'Oréal failed to timely move the Court to continue impoundment and thus, as we see it, it has waived its right to do so now.

There is yet a third reason for our disagreement.  It stems from the fact that Mr. Trzaska never agreed to permanently allow the at-issue paragraphs of the First Amended Complaint (*i.e.*, ¶¶ 33-37) and Exhibits A-C to remain under seal.  In fact, the sequence of events reveals the following:

- On July 22, 2015 L'Oréal filed its motion to seal;

- On July 28, 2015 the Court entered an order placing the at-issue paragraphs and exhibits "under temporary seal . . . without prejudice to the right of either party to move to modify or vacate this Order."

- A week later, on August 4, 2015, Mr. Trzaska filed a Brief in Opposition to the Sealing Order.

- On August 10, 2015 L'Oréal filed a reply brief in support of the seal.

RAYNES MCCARTY

Christopher R. Carton, Esquire
K&L Gates
April 18, 2016
Page 3

- Presumably due to its subsequent decision to dismiss the First Amended
  Complaint, the district court never ruled on L'Oréal's motion and the
  parties' competing arguments.

This chronology further supports our contention that nothing done by the district court can or
should bind the court of appeals on this subject.

Apart from our procedural differences with L'Oréal over the meaning and impact of
LAR 30.3(b) and 106.1(c)(2), we cannot agree with your suggestion that "the validity of the
sealing [order] is not at issue." For if L'Oréal has not waived the right to raise the sealing
order now -- and we think it has been waived -- nothing in the five paragraphs of the First
Amended Complaint or in Exhibits A-C thereto warrant sealing. Suffice it to say that the Third
Circuit's precedents display a marked presumption against sealing. See, e.g., Pansy v.
Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994), Glenmede Trust Co. v. Thompson,
56 F.3d 476, 484 (3d Cir. 1995). In fact, they emphasize "the strong public interest in open
proceedings." Glenmede, 56 F.3d at 484. When one examines the five paragraphs of Mr.
Trzaska's First Amended Complaint and Exhibits A-C, what is revealed is a pattern of conduct
by L'Oréal that requires the filing of patents without regard to the merits of the underlying
"inventions." Clearly this evidence supports (at least at the pleadings stage) the merits of Mr.
Trzaska's CEPA lawsuit. Accord Parker v. M&T Chemicals, Inc., 566 A.2d 215, 219-20 (N.J.
Super. App. Div. 1989) (ruling in favor of a New Jersey patent lawyer on his CEPA claims).
That this might hurt or embarrass L'Oréal is no reason to place these five allegations or
exhibits under seal away from the public disclosure. Glenmede, 56 F.3d at 484. Were it
otherwise, there would likely be no end in sight to the filing of the kinds of motions that
L'Oréal seeks to file here.

\*        \*        \*

I am hopeful that our comments are sufficient to cause L'Oréal to reconsider its
position. If not, please recall that our Brief for Mr. Trzaska and the Appendix are due to be

RAYNES McCARTY

Christopher R. Carton, Esquire
K&L Gates
April 18, 2016
Page 4


filed on May 10, 2016. We will not be able to file in time if the Third Circuit has not ruled by then on L'Oréal's request to continue the sealing order. (That is why we believe that LAR 106.1(c)(2) prescribes the 30 day period from the date of the notice of appeal for any such motion to be filed.) So, if you do file, please do so promptly so hopefully we can meet the May 10, 2016 deadline.

        Thanks in advance.


                Yours truly,

                Harold I. Goodman
                Daniel Bencivenga


HIG/DB/rcm

cc:    Eric A. Savage, Esquire  (Via E-mail and U.S. First Class Mail)

**CERTIFICATION OF SERVICE**

I hereby certify that on this date, I caused a copy of the within Emergent Motion of Defendant/Appellee L'Oréal USA, Inc. to Stay the Deadline to File the Appendix and to Seal Records to be served electronically via the ECF filing system upon all counsel of record.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements are willfully false, I may be subject to punishment.

By:  /s/ Christopher R. Carton
Christopher R. Carton

Dated: April 26, 2016