IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 15-3810

STEVEN J. TRZASKA,

                          Appellant,

v.

L'ORÉAL USA, INC. and L'ORÉAL, S.A.,

                          Appellees.

**VOLUME I OF THE APPENDIX (Pages 001-016)**

On Appeal from the October 30, 2015 Order of the United States District Court for the District of New Jersey in Civil Action No. 2:15-CV- 2713 dismissing plaintiff Steven J. Trzaska's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

RAYNES McCARTY
By:  Harold I. Goodman, Esquire
       Daniel Bencivenga, Esquire
1845 Walnut Street, 20th Floor
Philadelphia, Pennsylvania 19103
215-568-6190

*Attorneys for Plaintiff-Appellant Steven J. Trzaska*

# TABLE OF CONTENTS

**VOLUME I (Pages 001-016)**

|  | **Page** |
|---|---|
| The Notice of Appeal | 001 |
| The October 30, 2015 Order of the United States District Court for the District of New Jersey (per the Honorable Susan D. Wigenton) Dismissing L'Oréal USA, Inc. | 004 |
| The October 30, 2015 Order of the United States District Court for the District of New Jersey (per the Honorable Susan D. Wigenton) Dismissing L'Oréal, S.A. | 005 |
| The October 30, 2015 Opinion of Judge Wigenton in Support of her October 30, 2015 Orders | 007 |

**VOLUME II (Pages 017-060)**

| | |
|---|---|
| Docket Entries of the United States District Court for the District of New Jersey | 017 |
| The First Amended Complaint of Plaintiff-Appellant Steven J. Trzaska (including Exhibits A-D) | 024 |
| The Complaint of Plaintiff-Appellant Steven J. Trzaska (including Exhibits A) | 048 |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (NEWARK VICINAGE)

| | | |
|---|---|---|
| STEVEN J. TRZASKA,<br>                 Plaintiff, | : | CIVIL ACTION<br>No. 2: 15-cv-02713-SDW-SCM |
| v. | : | JUDGE: Judge Susan D. Wigenton |
| L'OREAL USA, INC. and<br>L'OREAL, S.A.,<br>              Defendants. | : | Notice of Appeal to the U.S. Court<br>of Appeals for the Third Circuit |

Notice is hereby given that Steven J. Trzaska appeals to the United States Court of Appeals for the Third Circuit from the Order of the United States District Court for the District of New Jersey, entered in this action on October 30, 2015, a copy of which is attached.

Dated: November 20, 2015

_____
Daniel Bencivenga, Esquire for
Plaintiff/Appellant Steven J. Trzaska

Raynes McCarty
One Greentree Center, Suite 201
10,000 Lincoln Drive East
Marlton, NJ 08053
*Address*

856-854-1556
*Telephone*

dbbencivenga@raynesmccarty.com
*E-mail Address*

**001**

Case 2:15-cv-02713-SDW-LDW   Document 44   Filed 10/30/15   Page 1 of 1 PageID: 469

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN J. TRZASKA,<br><br>Plaintiff,<br><br>v.<br><br>L'ORÉAL USA, INC. and L'ORÉAL, S.A.,<br><br>Defendants. | Civil Action<br>No. 2:15-cv-02713-SDW-SCM<br><br>ORDER<br><br>October 30, 2015 |

WIGENTON, District Judge.

This matter, having come before this Court on Defendant L'Oréal USA, Inc.'s Motion to Dismiss Plaintiff Steven J. Trzaska's First Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and this Court having considered the parties' submissions, for the reasons stated in this Court's Opinion dated October 30, 2015,

IT IS on this 30th day of October, 2015

ORDERED that Defendant's Motion to Dismiss is GRANTED.

/s/ Susan D. Wigenton
SUSAN D. WIGENTON
UNITED STATES DISTRICT JUDGE

Orig: Clerk
cc: Steven C. Mannion, U.S.M.J.
    Parties

1

**002**

## CERTIFICATE OF SERVICE

I, Daniel Bencivenga, Esquire, counsel for plaintiff Steve J. Trzaska, hereby certify on November 20, 2015 that a true and correct copy of the foregoing Notice of Appeal has been electronically filed with the United States District Court for the District of New Jersey's ECF system. I certify that the following counsel are registered as an ECF Filer and that they will be served by the EM/CEF system:

Christopher R. Carton, Esquire
George Peter Barbatsuly, Esquire
Laura Scully, Esquire
K&L GATES LLP
One Newark Center
10th Floor
Newark, NJ 07102
**Counsel for Defendant L'Oréal USA, Inc.**

Eric A. Savage, Esquire
Littler Mendelson, PC
One Newark Center
Eighth Floor
Newark, NJ 07102-5311
**Counsel for Defendant L'Oréal, S.A.**

Daniel Bencivenga, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN J. TRZASKA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>L'ORÉAL USA, INC. and L'ORÉAL, S.A.,<br><br>　　　　　　　Defendants. | Civil Action<br>No. 2:15-cv-02713-SDW-SCM<br><br>**ORDER**<br><br><br>October 30, 2015 |

**WIGENTON**, District Judge.

This matter, having come before this Court on Defendant L'Oréal USA, Inc.'s Motion to Dismiss Plaintiff Steven J. Trzaska's First Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and this Court having considered the parties' submissions, for the reasons stated in this Court's Opinion dated October 30, 2015,

**IT IS** on this 30th day of October, 2015

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Susan D. Wigenton
　　　　　　　　　　　　　　　　　　　　　　　　**SUSAN D. WIGENTON**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Orig:　Clerk
cc:　　Steven C. Mannion, U.S.M.J.
　　　　Parties

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN J. TRZASKA,<br><br>                Plaintiff,<br><br>v.<br><br>L'ORÉAL USA, INC. and L'ORÉAL, S.A.,<br><br>                Defendants. | Civil Action<br>No. 2:15-cv-02713-SDW-SCM<br><br>**ORDER**<br><br><br>October 30, 2015 |

**WIGENTON, District Judge.**

This matter, having come before this Court on Defendant L'Oréal S.A.'s Motion to Dismiss Plaintiff Steven J. Trzaska's Complaint and First Amended Complaint for insufficient service of process, pursuant to Federal Rule of Civil Procedure 12(b)(5), and this Court having considered the parties' submissions, for the reasons stated in this Court's Opinion and Order dated October 30, 2015 (Docket Entries 43 and 44),

**IT IS** on this 30th day of October, 2015

**ORDERED** that Defendant's Motion is **DISMISSED AS MOOT** and Plaintiff's Claims against Defendant are **DISMISSED** for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

                                                            /s/ Susan D. Wigenton
                                                           SUSAN D. WIGENTON
                                                           UNITED STATES DISTRICT JUDGE

Orig: Clerk
cc:   Steven C. Mannion, U.S.M.J.
      Parties

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN J. TRZASKA, | Civil Action No:2:15-cv-02713-SDW-SCM |
| Plaintiff, | **OPINION** |
| v. | |
| L'ORÉAL USA, INC. and L'ORÉAL, S.A., | October 30, 2015 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court is Defendant L'Oréal USA, Inc.'s ("Defendant" or "L'Oréal") Motion to Dismiss Plaintiff Steven J. Trzaska's ("Plaintiff") First Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a resident of Pennsylvania and a patent attorney admitted to practice law in Pennsylvania and before the U.S. Patent and Trademark Office ("USPTO"). (Am. Compl. ¶¶ 1,

13-15.) Defendant is a cosmetics company, incorporated under Delaware law with offices in Clark, New Jersey. (*Id.* ¶¶ 2-3, 27.) Between 2004 and December 2014, Plaintiff was employed as head of patents by Defendant. (*Id.* ¶ 13.)

The patent application process at L'Oréal involves the preparation of various documents (including invention disclosures, notices of invention and technical notes) as well as interviews with inventors, an examination of existing L'Oréal cosmetic formulas, and review by patent attorneys. (*Id.* ¶¶ 38-44.) Patent attorneys, including Plaintiff, have a "legal and professional responsibility" to "make a good faith determination whether the subject matter in an invention disclosure is potentially patentable." (*Id.* ¶ 43.) As such, Plaintiff was bound by the ethical guidelines established by the Rules of Professional Conduct for attorneys admitted to practice in Pennsylvania and by the Rules of the USPTO (collectively, "RPCs"), which bar attorneys from filing frivolous or bad-faith applications and from knowingly making false statements to a tribunal. (*Id.* ¶¶ 16-17, 19-20.)[1]

During the decade that Plaintiff worked for Defendant, Defendant's parent company, L'Oréal, S.A., required Defendant to meet annual quotas for patent applications. (*Id.* ¶¶ 20-26.) In 2014, L'Oréal, S.A. set a global quota of 500 applications and a specific quota of 40 applications for Plaintiff's group in the Clark, New Jersey office. (*Id.* ¶¶ 22-25.) Plaintiff was informed that failure to meet quotas would negatively affect "careers and/or continued employment." (*Id.* ¶ 46.)

---

[1] Plaintiff cites to the RPCs generally, but also specifically to 37 C.F.R. § 11.301 (2013) which provides: "A practitioner shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law or in fact for doing so that is not frivolous, which includes good-faith argument for an extension, modification or reversal of existing law;" and 37 C.F.R. § 11.303 (2013) which provides that a practitioner "shall not knowingly: (1) Make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact made to the tribunal by the practitioner." (Am. Compl. ¶¶ 19-20.)

A practitioner is defined as "(1) An attorney or agent registered to practice before the [USPTO] in patent matters . . ." 37 C.F.R. § 11.1 (2013).

As of September 2014, Defendant had filed less than half the number of applications mandated by the 2014 quota. (*Id.* ¶¶ 52, 53.) This was due in part to a company initiative to improve the quality of patent applications. (*Id.* ¶¶ 48-50.) As a result, management began to stress the importance of meeting the quotas. (*Id.* ¶¶ 54, Ex. B.)

In October 2014, Plaintiff met with his superiors to advise them that "neither he nor the patent attorneys who reported to him were willing to file patent applications that the attorneys believed were not patentable . . . solely for the purpose of meeting" quotas. (*Id.* ¶ 55-57.) Plaintiff alleges that he and others worried that they would "run afoul of ethical and legal mandates governing their practice as patent attorneys" by filing certain applications. (*Id.* ¶ 55.) The First Amended Complaint does not identify individual applications that Plaintiff (or others) believed were not patentable or specific directives that would cause him (or others) to violate any rules of professional conduct. Two weeks later, Plaintiff was told by Human Resources that in light of his meeting with his superiors, he could either accept a severance package and leave L'Oréal's employment or "go back to your office and get back to work." (*Id.* ¶¶ 58-59.) At a second meeting with Human Resources, Plaintiff received another severance offer from Defendant. (*Id.* ¶¶ 61-63.) On December 8, 2014, Defendant terminated Plaintiff's employment, stating that the company was eliminating his position. (*Id.* ¶ 64.)

On April 16, 2015, Plaintiff filed his Complaint in this matter alleging wrongful retaliatory discharge under the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. § 34:19-1 et seq. On June 5, 2015, Defendant filed a Motion to Dismiss the Complaint. On June 24, 2015, Plaintiff filed his First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). On July 22, 2015, Defendant filed the instant Motion to Dismiss Plaintiff's First Amended

Complaint. Plaintiff filed his opposition brief on August 4, 2015 and Defendant filed its reply on August 24, 2015.

## II.     LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

010

## III. DISCUSSION

The New Jersey Legislature enacted CEPA to "protect and encourage employees to report illegal or unethical workplace activities and to discourage public and private sector employers from engaging in such conduct." *Abbamont v. Piscataway Twp. Bd. of Educ.*, 650 A.2d 958, 971 (N.J. 1994). The statute provides in relevant part:

> An employer shall not take any retaliatory action against an employee because the employee does any of the following:
>
> a. Discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer, or another employer, with whom there is a business relationship, that the employee reasonably believes:
>
> (1) is in violation of a law, or a rule or regulation promulgated pursuant to law, including any violation involving deception of, or misrepresentation to, any shareholder, investor, client, patient, customer, employee, former employee, retiree or pensioner of the employer or any governmental entity, or, in the case of an employee who is a licensed or certified health care professional, reasonably believes constitutes improper quality of patient care; or
>
> (2) is fraudulent or criminal, including any activity, policy or practice of deception or misrepresentation which the employee reasonably believes may defraud any shareholder, investor, client, patient, customer, employee, former employee, retiree or pensioner of the employer or any governmental entity; . . .
>
> c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes:
>
> (1) is in violation of a law, or a rule or regulation promulgated pursuant to law . . .;
>
> (2) is fraudulent or criminal; or
>
> (3) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.

N.J. STAT. ANN. § 34:19-3 (West 2006).

The statute is remedial in nature and "should be construed liberally to effectuate its important social goal." *Abbamont*, 650 A.2d at 971. However, "CEPA affords no protection for the employee who simply disagrees with lawful policies, procedures or priorities of the employer." *Hitesman v. Bridgeway Inc.*, 63 A.3d 230, 238 (N.J. Super. Ct. App. Div. 2013), *aff'd* 93 A.3d 306 (N.J. 2014)

> In order to plead a cause of action under CEPA, a plaintiff must demonstrate:
>
> (1) [he or] she had an objectively reasonable belief that [his or] her employer's conduct violated a law, rule, regulation or public policy; (2) [he or] she performed a 'whistle-blowing' activity as defined in N.J.S.A. 34:19-3(a), (b), or (c); (3) an adverse employment action was taken against [him or] her; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action.

*Campbell v. County of Monmouth*, No. 11-cv-6210, 2015 WL 5722631, *2 (D.N.J. Sept. 29, 2015); *see also Dzwonar v. McDevitt*, 828 A.2d 893, 900 (N.J. 2003) (detailing elements of a CEPA claim); *Kolb v. Burns*, 727 A.2d 525, 530 (N.J. Super. Ct. App. Div. 1999) (same).

### A.

This Court's analysis must begin with the identification of "a statute, regulation, rule, or public policy that closely relates to the complained-of conduct." *Dzwonar*, 838 A.2d at 901 (noting that when "no such law or policy is forthcoming," judgment must be entered for defendant). To satisfy this element, Plaintiff must point to authority that "identif[ies] acceptable and unacceptable practices in the defendant employer's business." *Hitesman*, 93 A.3d at 321. Rules without a substantial nexus to an employer's conduct are not sufficient. *See, e.g., Id.* at 322-23 (noting that an ethical code which regulated the conduct of nurses did not establish standards for patient care for an employer); *Colon v. Prudential Ins. Co. of Am.*, No. L-10588-02, 2006 WL 507732 (N.J. Super. Ct. App. Div. Mar. 3, 2006) (affirming grant of summary judgment for employer, finding that an internal professional code of ethics regulating vendor selection was insufficient to support

a CEPA claim); *Gibson v. 11 History Land Operating Co.*, No. L-0554-10, 2014 WL 700124, *9-10 (N.J. Super. Ct. App. Div. Feb. 25, 2014) (finding that American Nursing Association Code which governed Plaintiff's conduct did not apply to her employer or the standard of patient care the facility provided). Here, Plaintiff relies on the RPCs promulgated by the Disciplinary Board of the Supreme Court of Pennsylvania and the USPTO. Neither is adequate to maintain a CEPA claim.

The Disciplinary Board of the Supreme Court of Pennsylvania RPCs "set out the minimum ethical standards for the practice of law and constitute a set of rules which all lawyers must follow." THE DISCIPLINARY BOARD OF THE SUPREME COURT OF PENNSYLVANIA, *Rules*, www.padisciplinaryboard.org/attorneys/rules (last visited Oct. 26, 2015). The USPTO's rules cited by Plaintiff are similarly focused on attorney conduct, and "govern[] solely the practice of patent, trademark, and other law before the United States Patent and Trademark Office." 37 C.F.R. § 11.1 (2013). It is clear, and the parties do not dispute, that Plaintiff's conduct must conform to these guidelines. It is equally clear, however, that the RPCs have no bearing on Defendant's business practices. The RPCs exist to guide and instruct attorneys in the practice of law and to ensure that they do not file frivolous patents or knowingly make false or misleading statements to the USPTO. The RPCs do not identify acceptable or unacceptable business practices for Defendant. They do not forbid Defendant from adopting metrics or measurable goals for its cosmetic business or define how Defendant may go about securing or maintaining intellectual property rights. Those determinations are business decisions outside the RPCs' purview. As such, Plaintiff fails to plead a law, rule, regulation or policy that supports his CEPA claim.[2] *Hitesman*,

---

[2] In addition to statutes, rules and regulations, plaintiffs bringing CEPA claims may cite to public policy to satisfy the first element. Plaintiff does not allege, and this Court does not find, that RPCs embody a "clear mandate of public policy concerning the public health, safety or welfare or protection of the environment" under N.J.S.A. §

93 A.3d at 320 (requiring that a plaintiff identify an "authority that provides a standard against which the conduct of the defendant may be measured.")

B.

Even if this Court were to accept Plaintiff's allegation that the RPCs are an adequate foundation for his CEPA claim, which it does not, Plaintiff fails to demonstrate that he held a reasonably objective belief that Defendant's quota policy had, or would in the future, violate the RPCs or any other authority. "In order for an employee's belief to be considered 'reasonable,' that belief must be such that a 'reasonable lay person would conclude that illegal activity was going on' or at the very least, is imminent."[3] *Blackburn v. United Parcel Service, Inc.*, 3 F. Supp. 2d 504, 515 (D.N. J. 1998), *aff'd* 179 F.3d 81 (3d Cir. 1999). It is not enough to claim that a policy may, possibly, at some time in the future, violate a rule or law. *Blackburn*, 3 F. Supp. 2d at 516 (rejecting plaintiff's CEPA claim where plaintiff "merely conveyed his concerns, through various memos and conversations, that a law might at some point in the future be violated if certain precautions were not taken . . ." because that was insufficient to allow a reasonable lay person to "conclude that illegal activity was going on . . .") (citing *Young v. Schering Corp.*, 275 N.J. Super. 221, 233 (App. Div. 1994), *aff'd*, 141 N.J. 16 (1995)). Rather, a Plaintiff must show past or imminent wrongful activity. Plaintiff has failed to do so.

---

34:19-3(c)(3)." They exist as a benefit for patent attorneys and those attorneys admitted to the Pennsylvania bar – they do not benefit the general public.

[3] Defendant argues that, as an attorney, Plaintiff should be held to a higher standard than that of the reasonable lay person. (Def.'s Reply 6-7) (citing *Tartaglia v. UBS PaineWebber Inc.*, 197 N.J. 81, 112 (2008) (holding that attorneys bringing CEPA claims must show that the employer's conduct "actually violated" rules of professional conduct); *Gonzalez v. City of Camden*, No. L-4769-10, 2012 WL 6097076 (N.J. Super. Ct. App. Div. Dec. 10, 2012) (dismissing CEPA claim brought by attorney plaintiff and imposing higher standard for "reasonableness")). Because this Court finds that a reasonable lay person would not conclude that Defendant's policy would lead to illegal activity, it need not address the higher standard proposed by Defendant.

Although he worked for Defendant for a decade, Plaintiff does not allege that Defendant ever asked him to submit defective or deficient patent applications. Plaintiff does not plead that he ever filed a frivolous or improper patent for his employer. Plaintiff points to no company guidelines or instructions that require attorneys or other personnel to lie, alter data, or prepare or submit substandard, fraudulent or frivolous applications. Indeed, Plaintiff's First Amended Complaint alleges that Defendant had just adopted an "internal initiative to improve the quality of patent applications" which required additional information from inventors to prove that proposed inventions performed as represented." (Am. Compl. ¶¶ 48-49.) Plaintiff's First Amended Complaint evidences nothing more than his disagreement with his employer over the propriety of a quota for patent applications. CEPA "was not intended to provide a remedy for wrongful discharge for employees who simply disagree with an employer's decision, where that decision is entirely lawful." *Young v. Schering Corp.*, 645 A.2d 1238, 1246 (N.J. Super. Ct. App. Div. 1994), *aff'd* 660 A.2d 1153 (N.J. 1995); *see also Schechter v. N.J. Dep't of Law & Pub. Safety, Div. of Gaming Enforcement*, 743 A.2d 872, 874 (N.J. Super. Ct. App. Div. 2000) (rejecting CEPA claim, finding it involved "nothing more than a policy dispute"); *Klein v. Univ. of Med. & Dentistry of N.J.*, 871 A.2d 681, 688-89 (N.J. Super. Ct. App. Div. 2005) (denying CEPA claim where employee disagreed with the manner in which a hospital chose to operate a medical department, where such operation was lawful); *Hitesman*, 93 A.3d at, 319 (distinguishing between viable CEPA claims and "an employee's objection to, or reporting of, an employer's illegal or unethical conduct from a routine dispute in the workplace regarding the relative merits of internal policies and procedures.")

Construing the facts alleged in a light most favorable to the Plaintiff, it is clear that he strongly disagreed with the quota system and the pressure Defendant placed on its employees to

meet those quotas. However, pressure from management to meet a quota is not equivalent to instructions to violate rules of attorney conduct, or other laws or regulations. Nothing cited in Plaintiff's First Amended Complaint indicates that Defendant did more than require that the company maintain or increase the number of patents it filed from year to year. The pleadings contain no evidence that Defendant demanded or ordered that Plaintiff or others relinquish their professional judgments or obligations. As Plaintiff notes in his opposition papers, L'Oréal is a global cosmetics company whose business is dependent, in part, on "advancing and protecting its IP interests." (Pl.'s Br. Opp'n 13.) In order to do that, Defendant implemented measurable yearly goals and encouraged its employees, including attorneys, to meet those goals. That alone does not constitute a CEPA violation. To find otherwise, would be inappropriate and prevent employers from adopting lawful business policies. CEPA is a broad, remedial statute, but it is not that broad.

Because Plaintiff fails to satisfy the first element of the required analysis, this Court need not address the remaining three elements.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

/s/ Susan D. Wigenton

SUSAN D. WIGENTON, U.S.D.J

Orig:    Clerk
cc:    Steven C. Mannion, U.S.M.J.
        Parties