# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

Case No. 15-3810

**STEVEN J. TRZASKA,**

**Plaintiff-Appellant,**

v.

**L'OREAL USA, INC. and L'OREAL, S.A.,**

**Defendants-Appellees.**

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

**BRIEF OF L'OREAL, S.A. AS DEFENDANT-APPELLEE**

Eric A. Savage
LITTLER MENDELSON, P.C.
One Newark Center, 8th Floor
Newark, NJ 07102
973.848.4700
Attorneys for Defendant-Appellee
L'Oréal, S.A.

## **CORPORATE DISCLOSURE STATEMENT**

L'Oréal, S.A. is a company incorporated under the laws of France and publicly traded on the Paris Stock Exchange.  Nestlé, S.A. is a publicly traded company holding more than 10% of the stock of L'Oréal, S.A.

# TABLE OF CONTENTS

PAGE

JURISDICTIONAL STATEMENT ......................................................................... 1

COUNTER-STATEMENT OF THE ISSUES ........................................................ 2

STATEMENT OF RELATED CASES AND PROCEEDINGS................................ 3

COUNTER-STATEMENT OF THE CASE ........................................................... 3

STANDARD OF REVIEW ..................................................................................... 6

SUMMARY OF THE ARGUMENT ...................................................................... 7

ARGUMENT ........................................................................................................... 8

I.      THE COURT SHOULD DISMISS APPELLANT'S APPEAL AS TO L'ORÉAL,
        S.A. BECAUSE THE OCTOBER 30, 2015 ORDER OF DISMISSAL AS TO
        L'ORÉAL, S.A. IS FINAL AND NON-APPEALABLE.................................... 8

II.     IN THE ALTERNATIVE, THE COURT SHOULD AFFIRM THE DISMISSAL
        OF APPELLANT'S FIRST AMENDED COMPLAINT AS TO L'ORÉAL, S.A.
        BECAUSE HE FAILED TO SEEK REVERSAL OF THE DISTRICT COURT'S
        ORDER IN HIS APPELLATE BRIEF, THEREBY WAIVING HIS CLAIMS............. 10

III.    IN ANY EVENT, THE DISTRICT COURT  CORRECTLY DISMISSED THE
        FIRST AMENDED COMPLAINT AS TO L'ORÉAL, S.A.......................................... 12

CONCLUSION....................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bell Atlantic Corp. v. Twomblv.*
  127 S. Ct. 1955 (2007)................................................................6, 7

*Graden v. Conexant Sys. Inc.,*
  496 F.3d 291 (3d Cir. 2007) ............................................................11

*In re Burlington Coat Factory Sec. Litig.,*
  114 F.3d 1410 (3d Cir. 1997) ............................................................7

*International Raw Materials v. Stauffer Chem. Co.,*
  978 F.2d 1318 (3d Cir.1992), *cert. denied,* 507 U.S. 988 (1993) ......................12

*Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.,*
  26 F.3d 375 (3d Cir. 1994) ........................................................12, 13

*Lum v. Bank of Am.,*
  361 F.3d 217 (3d Cir. 2004) ..............................................................6

*Omnipoint Commc'ns Enters., L.P. v. Newtown Twp.,*
  219 F.3d 240 (3d Cir. 2000) ..............................................................6

*Simmons v. City of Philadelphia,*
  947 F.2d 1042 (3d Cir.1991), *cert. denied,* 503 U.S. 985 (1992) ......................12

*Vallies v. Sky Bank,*
  432 F.3d 493 (3d Cir. 2006) ..............................................................6

STATUTES

New Jersey Conscientious Employee Protection Act, <u>N.J.S.A.</u> 34:19-1 *et
  seq.* ("CEPA")................................................................passim

OTHER AUTHORITIES

FRAP 3(c)(1)(B) .................................................................9

FRAP 4(a)(5).....................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

FRCP 12(b)(5)................................................................................1, 3, 4

FRCP 12(b)(6)...............................................................................passim

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant Steven Trzaska ("Appellant") filed a Complaint against Defendants-Appellees L'Oréal USA, Inc. and L'Oréal, S.A., claiming that L'Oréal USA, Inc., his employer, terminated him in violation of the New Jersey Conscientious Employee Protection Act, <u>N.J.S.A.</u> 34:19-1 *et seq.* ("CEPA").  In the same Complaint, he also sought damages under CEPA against L'Oréal, S.A., the French corporate parent of L'Oréal USA, Inc. As discussed below, Appellant improperly served this Complaint on L'Oréal, S.A. L'Oréal, U.S.A. Inc. filed a motion to dismiss under FRCP 12(b)(6); Appellant then filed a First Amended Complaint, which was never even attempted to be served on L'Oréal, S.A. In response, L'Oréal, S.A. filed a motion to dismiss for insufficient service of process pursuant to FRCP 12(b)(5).

On October 30, 2015, the District Court entered two separate Orders dismissing Appellant's First Amended Complaint as to each defendant. On November 20, 2015, Appellant filed a Notice of Appeal, which sought relief only from the Order regarding L'Oréal USA, Inc.  He failed to appeal the District Court's Order dismissing the First Amended Complaint as to L'Oréal, S.A. Similarly, Appellant failed to make any mention in his Concise Statement of the Case of the District Court's Order dismissing the First Amended Complaint as to

L'Oréal, S.A. The time within which Appellant could have noticed an appeal with respect to his claims against L'Oréal, S.A. has expired.

Therefore, this Court has no jurisdiction over Appellant's claims against L'Oréal, S.A. and should dismiss the appeal as to L'Oréal, S.A., or, in the alternative, affirm the Order of the District Court which dismissed the First Amended Complaint as to L'Oréal, S.A.

## COUNTER-STATEMENT OF THE ISSUES

(1)    Whether Appellant's appeal as to L'Oréal, S.A. should be dismissed because, as set forth in the pending motion to dismiss the appeal filed by L'Oréal, S.A. on April 13, 2016, the Order of Dismissal as to L'Oréal, S.A. is a  final and non-appealable order?

(2)    Assuming *arguendo* that this Court has jurisdiction over Appellant's appeal, whether the District Court's Order dismissing the First Amended Complaint as to L'Oréal, S.A. should be affirmed because Appellant waived his appeal of the District Court's Order since he failed in his brief either (a) to challenge the Order of Dismissal as to L'Oréal, S.A., or (b) to ask that the Order of Dismissal be reversed?

(3)    Whether the District Court's dismissal of the First Amended Complaint as L'Oréal, S.A. should be affirmed?

## STATEMENT OF RELATED CASES AND PROCEEDINGS

L'Oréal, S.A. is unaware of any related cases or proceedings.

## COUNTER-STATEMENT OF THE CASE

On April 16, 2015, Appellant, who was employed by L'Oréal USA, Inc. as in-house attorney, filed a Complaint in the United States District Court for the District of New Jersey, claiming that L'Oréal USA, Inc. had terminated him in violation of CEPA. In the same Complaint, he also sought damages under CEPA against L'Oréal, S.A., the French corporate parent of L'Oréal USA, Inc.

On May 22, 2015, Appellant purported to serve process on L'Oréal, S.A. in Paris, France via regular mail.

On June 5, 2015, L'Oréal USA, Inc. moved to dismiss the Complaint for failure to state a claim upon which relief can be granted under FRCP 12(b)(6). On June 24, 2015, in response to the motion of L'Oréal USA, Inc., Appellant filed a First Amended Complaint. In response, on July 22, 2015, L'Oréal USA, Inc. filed a second motion to dismiss under FRCP 12(b)(6).

L'Oréal, S.A. did not join in or take a position on either of the two motions to dismiss filed by L'Oréal, USA, Inc. Instead, L'Oréal, S.A. sought dismissal of the First Amended Complaint on entirely different grounds. Specifically, on August 14, 2015, L'Oréal, S.A moved to dismiss the Complaint under FRCP 12(b)(5), on the grounds that Appellant's purported service of the Summons and

Complaint on L'Oréal, S.A. by regular mail to its French headquarters violated the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Appellant never even attempted to serve the First Amended Complaint on L'Oréal, S.A., whether by regular mail or otherwise.

On October 30, 2015, the District Court entered an Order granting the motion to dismiss filed by L'Oréal USA, Inc. under Rule 12(b)(6), and held that Appellant's First Amended Complaint was insufficient as a matter of law. The Court issued an accompanying Opinion which did not discuss any aspects of Appellant's claims against L'Oréal, S.A. except in summarizing his allegations.

With regard to L'Oréal, S.A., the District Court issued a separate Order on October 30, 2015 which dismissed the First Amended Complaint against L'Oréal, S.A. In particular, the Order issued by the District Court (i) dismissed as moot the motion that L'Oréal, S.A had filed under FRCP 12(b)(5), and (ii) dismissed the First Amended Complaint for failure to state a claim upon which relief can be granted under FRCP 12(b)(6).

On November 20, 2015, Appellant filed a Notice of Appeal to the Third Circuit Court of Appeals.  However, Appellant failed to appeal the Order issued by the District Court as to L'Oréal, S.A. and failed to attach that Order to the Notice of Appeal. The Order that he did attach to the Notice of Appeal concerned only L'Oréal USA, Inc. and made no reference whatsoever to the dismissal of the First

Amended Complaint as to L'Oréal, S.A.  These issues were fully briefed in the pending Motion to Dismiss the Appeal filed by L'Oréal, S.A. on April 13, 2016, and in the Reply Brief that it filed on April 25, 2016.

Further confirmation that Appellant's appeal is limited to the dismissal as to L'Oréal USA, Inc. derives from the fact that Appellant's Concise Statement of the Case, filed with the Court on December 4, 2015, also failed to mention or attach a copy of the Order dismissing the First Amended Complaint as to L'Oréal, S.A.

In response to letters to the Court from Appellant and L'Oréal, S.A. regarding the issue of the defective appeal against L'Oréal, S.A, the Court advised the parties in its letter dated February 24, 2016 that the Court would "independently . . . determine its jurisdiction over the appeal."

The Court subsequently issued a briefing schedule on March 31, 2016. L'Oréal, S.A. filed its Motion to Dismiss the Appeal on April 13, 2016, seeking to dismiss Appellant's appeal against L'Oréal S.A. based on Appellant's failure to file an appeal as to L'Oréal, S.A. in compliance with the Federal Rules of Appellate Procedure ("FRAP") and the Local Rules of the Third Circuit. On April 18, 2016, Appellant filed an opposition brief to L'Oréal, S.A.'s Motion to Dismiss the Appeal.  L'Oréal, S.A. filed its Reply Brief on April 25, 2016.

On April 20, 2016, the Court issued an Order, referring L'Oréal, S.A.'s Motion to Dismiss the Appeal to the merits panel. To date, the Court has not ruled on L'Oréal, S.A.'s Motion to Dismiss the Appeal.

On June 16, 2016, L'Oréal, S.A. filed a motion seeking to suspend appellate proceedings against L'Oréal, S.A. until the Court decides L'Oréal, S.A.'s Motion to Dismiss the Appeal. On June 20, 2016, the Court extended the Appellees' deadline to file their briefs to August 8, 2016 and advised that a merits panel would not be assigned until the appeal is fully briefed. That motion is therefore still pending before the Court.

## STANDARD OF REVIEW

When reviewing a District Court's grant of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court of Appeals "review[s] the District Court's decision *de novo*, applying the same legal standard as the trial court to the same record." *Vallies v. Sky Bank*, 432 F.3d 493, 494 (3d Cir. 2006) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004); *Omnipoint Commc'ns Enters., L.P. v. Newtown Twp.*, 219 F.3d 240, 242 (3d Cir. 2000)).

A plaintiff must plead facts which, if true, state a claim of relief on which relief may be granted. *Bell Atlantic Corp. v. Twombly*. 127 S. Ct. 1955, 1974 (2007). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are

true (even if doubtful in fact). *Id*. at 1965. This Court "need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

## SUMMARY OF THE ARGUMENT

The Court should dismiss Appellant's appeal of the District Court's Order dismissing the First Amended Complaint as to L'Oréal, S.A.

First and foremost, Appellant failed to comply with the rules set forth in the FRAP because he (a) failed to include or even refer to the Order as to L'Oréal, S.A. in his Notice of Appeal, (b) failed to include any discussion of the dismissal as to L'Oréal, S.A. in his Concise Statement of the Case or attach to that document the dismissal Order as to L'Oréal, S.A., and (c) failed to correct his procedural deficiencies despite being put on notice of those failures, and thus missed the deadline to amend the Notice of Appeal so that he could pursue an appeal against L'Oréal, S.A.  Thus, his appeal should be dismissed with no further proceedings or consideration.

Further, even if the Court were to decide that it had jurisdiction over Appellant's case against L'Oréal, S.A., Appellant has waived his claims against L'Oréal, S.A. because his brief failed to request reversal of the District Court's Order as to L'Oréal, S.A. or to include any arguments against L'Oréal, S.A., even

in the Conclusion.  Having chosen to remain silent in his brief as to his claims concerning L'Oréal, S.A., he cannot now ask or expect the Court to do his work for him by articulating, and then sustaining, his unspecified arguments in favor of reversal. Consequently, the District Court's Order as to L'Oréal should be affirmed.

Finally, even if Appellant did not waive his claims against L'Oréal, S.A. in his opening brief, the District Court properly dismissed the First Amended Complaint as to L'Oréal, S.A. under FRCP 12(b)(6).  Having decided that Appellant had failed to establish any basis on which he could state a claim against L'Oréal USA, Inc., his actual employer, the Court acted properly by ruling that he had also failed to make out a valid claim against L'Oréal, S.A., the corporate parent of his employer.

## **ARGUMENT**

## I.    **The Court Should Dismiss Appellant's Appeal As To L'Oréal, S.A. Because The October 30, 2015 Order of Dismissal as to L'Oréal, S.A. Is Final and Non-Appealable.**

Since no valid appeal is pending with respect to the dismissal Order as to L'Oréal, S.A., the Court should dismiss Appellant's appeal of the District Court's Order of Dismissal as to L'Oréal, S.A.

As fully discussed in L'Oréal, S.A.'s pending Motion to Dismiss the Appeal, submitted to this Court on April 13, 2016, and as further discussed in the Reply

Brief filed by L'Oréal, S.A. on April 25, 2016,[1] Appellant failed to adhere to the FRAP in several critical respects and his failure mandates dismissal of the appeal with no further proceedings or consideration.

Specifically, Appellant failed to refer to, or attach, the District Court's dismissal Order as to L'Oréal, S.A. in his Notice of Appeal, as mandated by FRAP 3(c)(1)(B). He then failed to cite to or to attach the District Court's Order entered as to L'Oréal, S.A. in his Concise Statement of the Case, which he submitted to this Court on December 7, 2015, one week after filing the Notice of Appeal. Even after being put on notice by L'Oréal, S.A. that his appeal was defective as to L'Oréal, S.A., Appellant failed to seek leave to amend and cure his Notice of Appeal within the time permitted by FRAP 4(a)(5).

Thus, Appellant failed to avail himself of every avenue open to him, and indeed required of him, for appealing the District Court's decision dismissing the First Amended Complaint as to L'Oréal, S.A. Appellant's failure to pursue these mandatory steps to perfect his appeal should not be excused by this Court. As a result, the District Court's Order dismissing the First Amended Complaint as to L'Oréal, S.A.  is a final and non-appealable order, and Appellant's appeal from that Order should be dismissed.

---

[1] The authorities and arguments contained in those briefs are incorporated herein by reference.

**II.    In the Alternative, the Court Should Affirm The Dismissal of Appellant's First Amended Complaint As To L'Oréal, S.A. Because He Failed To Seek Reversal Of The District Court's Order In His Appellate Brief, Thereby Waiving His Claims.**

Not only did Appellant fail to take the steps necessary to perfect his appeal as to L'Oréal, S.A., but also his opening brief filed on June 2, 2016 totally fails to raise any arguments with regard to L'Oréal, S.A. itself [2], and fails to explain why this Court should reverse the District Court's Order as to L'Oréal, S.A. Appellant's brief to this Court focuses exclusively on his arguments concerning L'Oréal USA, Inc. and its motion to dismiss the First Amended Complaint under FRCP 12(b)(6).    Even in the Conclusion of his moving brief, Appellant clearly refers only to the one Order, namely the Order of Dismissal as to L'Oréal USA, Inc. only.

L'Oréal, S.A. did not participate or join in the motion to dismiss filed by L'Oréal USA, Inc.  It is undisputed that the two defendants in this matter (a) are separate corporate entities with different relationships to Appellant, (b) filed separate and independent motions addressed to the First Amended Complaint, (c) did not join in or take positions regarding each other's motions, (d) are represented by separate counsel, and (e) pursued different defenses against Appellant's CEPA claim.

---

[2] Appellant contents himself to throw L'Oréal, S.A. and L'Oréal USA, Inc. into the same bucket by defining them as "Defendants," yet he fails to specify any arguments which apply to L'Oréal, S.A. specifically.

As a result, and assuming for the sake of argument that this Court has jurisdiction over the appeal of L'Oréal, S.A., Appellant's decision not to present any arguments in his moving brief in support of his appeal as to L'Oréal, S.A. is fatal.    Appellant's brief contains no discussion whatsoever of the District Court's Order as to L'Oréal, S.A. and offers no arguments why that Order should be reversed with regard to L'Oréal, S.A.    Astonishingly, even the Conclusion of Appellant's brief is silent as to L'Oréal, S.A., since it asks this Court in the singular tense to reverse "the District Court's <u>order</u> dismissing Appellant's Amended Complaint." (emphasis supplied).    It does not, as it was necessary to do, request the Court to reverse <u>each</u> of the District Court's Orders and refer specifically to the dismissal Order as to L'Oréal, S.A.    Appellant's continued omissions, most recently the omission from the brief of any discussion of L'Oréal, S.A. — and not even a passing reference in the Conclusion — appears to be a pattern and practice, improperly designed to try to keep L'Oréal, S.A. in the case without directly addressing the role of L'Oréal, S.A. in the case or the specific claims against L'Oréal, S.A.    This he cannot do.

Indeed, Appellant's failure to present his arguments constitutes a waiver of any claims he could have made regarding the dismissal as to L'Oréal, S.A. *See, e.g., Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 296 (3d Cir. 2007) ("Absent compelling circumstances not present here, failing to raise an argument in one's

opening brief waives it."); *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue ... will not suffice to bring that issue before this court.'") (citing *Simmons v. City of Philadelphia,* 947 F.2d 1042, 1066 (3d Cir.1991), *cert. denied,* 503 U.S. 985 (1992); *International Raw Materials v. Stauffer Chem. Co.,* 978 F.2d 1318, 1327 n. 11 (3d Cir.1992), *cert. denied,* 507 U.S. 988 (1993)).

Appellant has failed to offer any specific arguments as to L'Oréal, S.A. in his brief, or any discussion of the issues raised by the dismissal of the First Amended Complaint as to L'Oréal, S.A. As a result, he has waived any arguments he could have advanced with regard to L'Oréal, S.A. and the District Court's Order of Dismissal should be affirmed.

## III.    In Any Event, The District Court Correctly Dismissed the First Amended Complaint as to L'Oréal, S.A.

Even if this Court were to decide that Appellant's appeal is properly before the Third Circuit, and that he did not waive his claims against L'Oréal, S.A., the Court should still affirm the District Court's Order dismissing L'Oréal, S.A.

The District Court ruled that the Pennsylvania Rules of Professional Conduct ("RPC"), and the Rules of Practice for the United States Patent and Trade Office ("USPTO"), "have no bearing on Defendant's [defined as L'Oréal USA, Inc.] business practices" (p. 7) and that determinations by L'Oréal USA, Inc. about

how it "may go about securing or maintaining intellectual property rights" (*Id.*) are not covered by those rules. The Court went on to rule that Appellant had failed to allege any reasonable basis for a belief that the alleged quota system put into place by L'Oréal USA, Inc. had actually violated or would violate any of those rules, or that he had ever been asked to submit a false or frivolous patent application. (*Id.* at 8-9)

Thus, the District Court ruled that the allegations of the First Amended Complaint, and the alleged violations of the RPC and the Rules of Practice of the USPTO, could not sustain a CEPA claim at all, whether against L'Oréal USA, Inc., or against L'Oréal, S.A., or against any other entity or person that the Appellant would have chosen to name as a defendant. Indeed, the District Court dismissed the CEPA claim on the basis of a generalized determination that the allegations and alleged violations of the statute could not sustain a CEPA claim against *any* defendant. Once the Court reached that conclusion and found that as a matter of law, the First Amended Complaint failed to state a claim upon which relief may be granted, it acted properly in dismissing the First Amended Complaint against all defendants, including L'Oréal, S.A,. as legally insufficient.

Moreover, in light of the District Court's decision to dismiss the First Amended Complaint as to Appellant's employer, L'Oréal USA, Inc., as a result of his inability to articulate a valid CEPA claim against his employer, the District

Court properly dismissed the claim against any other defendant, i.e., the employer's parent corporation, L'Oréal, S.A., which was legally a step removed from L'Oréal USA, Inc. Indeed, if Appellant failed to state a valid claim against L'Oréal USA, Inc., his legal employer, *a fortiori* the District Court had good reason to dismiss the First Amended Complaint as to L'Oréal, S.A., the corporate parent of the employer, as well.

The District Court correctly decided that Appellant's allegations could not make out a viable claim under CEPA. Thus, the District Court properly dismissed the First Amended Complaint as to L'Oréal, S.A. and its ruling should be affirmed.

## **CONCLUSION**

For the foregoing reasons, it is respectfully submitted that the Court dismiss the appeal against L'Oréal, S.A. as the District Court Order is a final and non-appealable Order or, in the alternative, affirm the District Court's Order dismissing the First Amended Complaint as to L'Oréal, S.A.

Respectfully submitted,

*/s/ Eric A. Savage*
Eric A. Savage
Littler Mendelson, P.C.
One Gateway Center – 8th Floor
Newark, New Jersey 07102.5386
esavage@littler.com
973.848.4700 (t)
212.583.2695 (t)
973.215.2620 (f)
*Attorneys for Defendant-Appellee*
*L'Oréal, S.A.*

Dated: July 29, 2016

## COMBINED CERTIFICATIONS

**I HEREBY CERTIFY** that I am a member of the Bar of the United States Court of Appeals for the Third Circuit.

**I HEREBY CERTIFY** that Defendant-Appellee's Brief contains 3,957 words in 14-point proportional font, as calculated by the word count feature of the word processing program, Microsoft Word, which was used to prepare this Brief.

**I HEREBY CERTIFY** that the electronic version of Defendant-Appellee's Brief filed with the Court in PDF for via CM/ECF is identical to the hard copies that have been filed with the Court and served upon opposing counsel.

**I HEREBY CERTIFY** that a virus check was performed in the PDF file of Defendant-Appellee's Brief filed with the Court via CM/ECF, using Trend Micro version 10.6, and that no virus was found.

**I HEREBY CERTIFY** that on July 29, 2016, I electronically filed the foregoing Brief of Defendant-Appellee with the Clerk of the United States Court of Appeal for the Third Circuit and served upon all counsel of record via the Court's CM/ECF system.

I hereby further certify that on July 29, 2016, I caused seven (7) true and correct hard copies of the foregoing Brief of Defendant-Appellee to be sent to the Office of the Clerk, United States Court of Appeals for the Third Circuit, 21400

U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106-1790 via overnight delivery.

I hereby further certify that on July 29, 2016, I caused a true and correct hard copy of the foregoing Brief of Defendant-Appellee to be served upon the Appellant and on counsel for Appellee L'Oréal USA, Inc. via first class mail.

/s/ Eric A. Savage
Eric A. Savage

Firmwide:141794347.1 085437.1001